United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 16, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-20541
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RYAN MARTIN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-456-1
--------------------

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ryan Martin appeals the judgment of the district court following his conviction of seventeen counts of mail fraud, three counts of money laundering, and three counts of wire fraud. Martin argues that the district court erred in determining that he had obstructed justice pursuant to U.S.S.G. § 3C1.1 and adjusting his offense level accordingly.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court's conclusion that a defendant obstructed justice under § 3C1.1 is a factual finding that this court reviews for clear error. United States v. Martinez, 263 F.3d 436, 441 (5th Cir. 2001). Because Martin adduced no evidence in the district court to rebut the facts recited in the presentence report (PSR), the district court was free to adopt these facts and rely upon them in sentencing Martin. United States v. Vital, 68 F.3d 114, 120 (5th Cir. 1995).

The PSR details Martin's involvement with the creation of a false document for presentation to the grand jury. This fact forms a sufficient basis for the district court's imposition of the disputed adjustment. Martin has not shown that the district court's findings on this issue are not "plausible in light of the record as a whole." United States v. Brown, 7 F.3d 1155, 1159 (5th Cir. 1993) (internal quotations and citation omitted). Accordingly, the judgment of the district court is AFFIRMED.